UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY

------------------------------------------------------------------------X
ROFE SIGUENCIA,                                                            :

                      Plaintiff,                  :

        -against-                :      **COMPLAINT**

N & K INC. d/b/a TONY'S LUKOIL and     :
ANTONIOS GOUVANIS,

                    Defendants.       :
------------------------------------------------------------------------X

Plaintiff Rofe Siguencia ("Siguencia" or "Plaintiff"), by his attorneys Pechman Law Group PLLC, complaining of Defendants N & K Inc. d/b/a Tony's Lukoil ("Tony's"), and Antonios Gouvanis (collectively, "Defendants") allege:

**NATURE OF THE ACTION**

1. For over 18 years, Rofe Siguencia worked between 60 to 75 hours per workweek as a mechanic at Tony's Lukoil in Little Ferry, New Jersey. Throughout his employment, Siguencia was paid a weekly salary, which failed to compensate him for hours worked over 40 each week at a rate of 1.5 times his regular rate of pay. In addition, when divided by the number of hours he worked each week, Siguencia was paid at a rate that fell below the statutory minimum wage rate for a portion of his employment.

2. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* and N.J.A.C. 12:56 *et seq.* ("NJWHL"), to recover unpaid minimum and overtime wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NJWHL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the District of New Jersey under 28 U.S.C. § 1391, because the events set forth in this Complaint occurred in the District of New Jersey.

## THE PARTIES

**Plaintiff Rofe Siguencia**

5. Rofe Siguencia resides in Bergen County, New Jersey.

6. Defendants employed Siguencia at Tony's as a mechanic from approximately September 2001 to December 1, 2019.

**Defendant N & K Inc. d/b/a Tony's Lukoil**

7. Defendant N & K Inc. is a New Jersey corporation that owns, operates, and does business as Tony's Lukoil located at 270 U.S. Highway 46, Little Ferry, New Jersey 07643.

8. Tony's has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. Tony's is an "enterprise engaged in commerce" within the meaning of the FLSA.

10. Within the three years prior to the filing of this Complaint, Tony's had an annual gross revenue in excess of $500,000.

**Defendant Antonios Gouvanis**

11. Defendant Antonios Gouvanis is the owner of Tony's.

12. Throughout Plaintiff's employment, Gouvanis hired and fired employees, directed the manner in which employees performed their work duties and assignments, and established and implemented pay practices at Tony's.

13. Gouvanis is listed as a director and registered agent of Tony's in the New Jersey Division of Revenue & Enterprise Services Certificate of Incorporation.

14. In or about September 2001, Gouvanis hired Siguencia.

15. Gouvanis was regularly present at Tony's, and decided Siguencia's schedule as well as assigning him customers and work through out the day.

16. Gouvanis exercises sufficient control over the operations of Tony's to be considered Siguencia's employer under the FLSA and NJWHL.

## FACTUAL ALLEGATIONS

17. Tony's is open seven days a week from 5:00 a.m. to 12:00 a.m., but its garage is regularly open from 8 a.m. until 6:00 p.m.

18. As a mechanic at Tony's, Siguencia worked on transmissions, brakes, and performed other mechanical repair work on cars.

19. Gouvanis regularly required that Siguencia answer phones and greet customers when Gouvanis was not at Tony's, such as when Gouvanis took a lunch break each day.

20. From approximately April 2014 through the end of his employment in December 2019, Siguencia regularly worked six days per week, from approximately 8:00 a.m. until between 6:00 p.m. to 8:30 p.m., totaling approximately 60 to 75 hours per workweek.

21. Although the Tony's garage closed to customers at 6:00 p.m., Siguencia regularly had to stay as late as 8:30 p.m. to finish jobs.

22. Throughout his employment with Defendants, Siguencia was not required to clock-in or clock-out of a time-keeping system or to record his hours worked at Tony's.

23. From approximately April 2014 through December 2015, Defendants paid Siguencia a salary of $500.00 per week.

24. From approximately January 2016 through the end of his employment in December 2019, Defendants paid Siguencia a salary of $600.00 per week.

25. Throughout his employment with Defendants, Siguencia was either paid or deducted a day's worth of wages whenever he worked an extra day or a day less than the number of days for which he was scheduled to work.

26. Throughout his employment, Defendant paid Siguencia's wages in cash.

## FIRST CLAIM
### (New Jersey Wage and Hour Law – Unpaid Minimum Wage)

27. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

28. Defendants are employers within the meaning of NJWHL and supporting New Jersey State Department of Labor regulations, and employed Plaintiff.

29. Defendants failed to pay Plaintiff the minimum wages to which he was entitled under the NJWHL.

30. Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay Plaintiff the minimum hourly wage.

31. Due to Defendants' violations of the NJWHL, Plaintiff is entitled to recover his unpaid minimum wages, liquidated damages, pre-and post judgement interests and reasonable attorneys' fees and costs of the action.

## SECOND CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

32. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

33. Defendants were required to pay Plaintiff one and one-half (1½) times his regular rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 et. seq.

34. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

35. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

36. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

37. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

38. Defendants' violations of the FLSA described above have been willful and, therefore, a three-year statute of limitations applies to the matter, pursuant to the FLSA, 29 U.S.C. § 255(a).

39. Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## THIRD CLAIM
### (New Jersey Wage and Hour Law – Unpaid Overtime)

40. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

41. Under the NJWHL and supporting New Jersey Department of Labor Regulations, Defendants were required to pay Plaintiff one and one half (1½) times his regular rate of pay for all hours worked in excess of forty in a workweek.

42. Defendants have failed to pay Plaintiff the overtime wages to which he is entitled under the NJWHL.

43. Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay Plaintiff overtime wages.

44. Due to Defendants' violations of the NJWHL, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a. declaring that Defendants violated the minimum and overtime wage provisions of the FLSA and the NJWHL;

b. declaring that Defendants' violations of the FLSA and NJWHL were willful;

c. awarding Plaintiff damages for unpaid minimum and overtime wages;

d. awarding Plaintiff liquidated damages pursuant to the FLSA and NJWHL;

e. awarding Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and NJWHL; and

  f.  awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
    June 25, 2020

              PECHMAN LAW GROUP PLLC

          By:  *s/ Louis Pechman*
              Louis Pechman (Bar No. 035931983)
              Catalina Cadavid (Bar No. 203388016)
              Pechman Law Group PLLC
              488 Madison Avenue - 17th Floor
              New York, New York 10022
              Tel.: (212) 583-9500
              pechman@pechmanlaw.com
              cadavid@pechmanlaw.com
              *Attorneys for Plaintiff*